J-S33019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY SHAW, JR. | : | |
| | : | |
| Appellant | : | No. 260 WDA 2023 |

Appeal from the PCRA Order Entered February 1, 2023
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000591-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY SHAW, JR. | : | |
| | : | |
| Appellant | : | No. 261 WDA 2023 |

Appeal from the PCRA Order Entered February 1, 2023
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000300-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY SHAW, JR. | : | |
| Appellant | : | |
| | : | No. 262 WDA 2023 |

Appeal from the PCRA Order Entered February 1, 2023
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000288-2020

J-S33019-23

<table>
<tr><td>COMMONWEALTH OF PENNSYLVANIA</td><td>:</td><td>IN THE SUPERIOR COURT OF</td></tr>
<tr><td></td><td>:</td><td>PENNSYLVANIA</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>LARRY SHAW, JR.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Appellant</td><td>:</td><td>No. 263 WDA 2023</td></tr>
</table>

Appeal from the PCRA Order Entered February 1, 2023
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000575-2019

BEFORE: BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED: October 24, 2023**

Larry Shaw, Jr. (Appellant),[1] appeals from the orders entered on February 1, 2023, in the Fayette County Court of Common Pleas, dismissing his petitions for collateral relief filed under the Post Conviction Relief Act (PCRA)[2] in the above-captioned cases.[3] Appellant seeks relief from an aggregate sentence of 5 to 11 years' incarceration, imposed on July 8, 2020, after he entered a global guilty plea in four separate criminal matters.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] In the notices of appeal and records, various forms of Appellant's name were used, *i.e.*, "Larry Shaw Jr.," "Larry Shaw," and "Larry Franklin Jr. Shaw." We have amended the caption for consistency and will use one version of Appellant's name.

[2] 42 Pa.C.S. § 9541-9546.

[3] The Commonwealth did not file an appellee's brief in this matter.

Appellant's court-appointed counsel, James V. Natale, Esquire (Attorney Natale), has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[4]  At Docket Nos. 260 WDA 2023,[5] 262 WDA 2023,[6] and 263 WDA 2023,[7] we grant Attorney Natale's petitions to withdraw, and affirm the orders dismissing Appellant's petitions.  At Docket No. 261 WDA 2023,[8] we deny Attorney Natale's motion to withdraw, and direct counsel to file an advocate's brief or a new ***Turner/Finley*** no merit letter and motion to withdraw within 45 days of the date of this memorandum.

## I.  Facts and Procedural History

A recitation of the underlying facts is not necessary to our disposition. Briefly, at a July 8, 2020, proceeding, Appellant pled guilty to the following

---

[4] Preliminarily, we note that Attorney Natale erroneously seeks to withdraw under ***Anders***, ***supra***, instead of the proper procedure espoused in ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Generally, we accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter because an ***Anders*** brief provides greater protection to the defendant.  ***See Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

[5] ***See*** Trial Docket CP-26-CR-0000591-2020 (Trial Docket 591-2020).

[6] ***See*** Trial Docket CP-26-CR-0000288-2020 (Trial Docket 288-2020).

[7] ***See*** Trial Docket CP-26-CR-0000575-2019 (Trial Docket 575-2019).

[8] ***See*** Trial Docket CP-26-CR-0000300-2020 (Trial Docket 300-2020).

offenses: (1) at Trial Docket 591-2020, simple assault and harassment;[9] (2) at Trial Docket 300-2020, aggravated assault, persons not to possess firearms, terroristic threats, simple assault, and recklessly endangering another person;[10] (3) at Trial Docket 288-2020, persons not to possess firearms, firearms not to be carried without a license, possession with intent to deliver controlled substances, possession of controlled substances, and possession of drug paraphernalia;[11] and (4) at Trial Docket 575-2019, theft by deception.[12]

At the hearing, the trial court accepted the global plea agreement and then proceeded to sentence Appellant on each of the dockets. The court imposed a sentence of 5 to 10 years' imprisonment for persons not to possess firearms at Trial Docket 300-2020, and a concurrent term of 4 to 10 years' imprisonment for the same crime at Trial Docket 288-2020. *See* N.T., 7/8/20, at 11, 13. At Trial Docket 591-2020, the court imposed a term of 6 to 12 months' imprisonment for simple assault, to run consecutive to the sentence at Trial Docket 288-2020, and at Trial Docket 575-2019, the court imposed a concurrent sentence of 2½ to 5 years' imprisonment. *See id.* at 12. As will

---

[9] 18 Pa.C.S. §§ 2701(a)(3), 2709(a)(1).

[10] 18 Pa.C.S. §§ 2702(a)(4), 6105(a)(1), 2706(a)(1), and 2705.

[11] 18 Pa.C.S. § 6106(a)(1); 35 P.S. § 780-113(a)(16), (30), (32).

[12] 18 Pa.C.S. § 3922(a)(1).

be discussed below, these sentences were to run concurrent to an unrelated matter at trial docket CP-26-CR-0000287-2020 (Trial Docket 287-2020).

Appellant did not file a post-sentence motion to withdraw his plea or a direct appeal. Instead, on March 11, 2021, **at Trial Docket 300-2020**, Appellant filed a *pro se* document titled "Motion to Modify and Reduce Sentence *Nunc Pro Tunc*." No action was taken. Thereafter, on May 24th, he filed a timely *pro se* PCRA petition. Attorney Natale was appointed to represent Appellant and filed an amended PCRA petition on October 20, 2021, arguing trial counsel was ineffective for failing to object when the court sentenced Appellant at Trial Docket 300-2020, and for failing to file a direct appeal. **See** Appellant's Amended Post Conviction Relief Act Petition, 10/20/21, at 1-2 (unpaginated). Appellant did not request permission to file a post-sentence motion *nunc pro tunc*. One week later, on October 27, 2021, the PCRA court entered an order granting Appellant's request to file a direct appeal *nunc pro tunc*. On June 22, 2022, a panel of this Court affirmed[13] Appellant's judgment of sentence *nunc pro tunc*, and the Pennsylvania Supreme Court subsequently denied his petition for allowance of appeal. **See Commonwealth v. Shaw**, 1321 WDA 2021 (unpub. memo.) (Pa. Super. June 22, 2022), *appeal denied*, 200 WAL 2022 (Pa. Oct. 25, 2022).

---

[13] The unpublished memorandum was prepared by this same author.

Relevant to this appeal, the panel *sua sponte* pointed out a discrepancy

in the record:

> The written guilty plea form indicates that Appellant was pleading guilty to various counts in the aforementioned cases, and would receive an aggregate sentence of **4 1/2 to 11 years**' incarceration, consecutive to another sentence he had recently received. ***See*** Guilty Plea, 7/8/20. The Commonwealth reiterated this agreement at the commencement of the plea hearing. ***See*** N.T., 7/8/20, at 2 (Commonwealth stating the plea "calls for a term of four and a half to eleven years consecutive to the sentence he just received on all four cases"). The court and its staff refer to the prior offense as "287 of 2020, which was [a] trial." ***See id.*** at 11, 13. Upon our independent review of Appellant's Fayette County Court Summary, we confirmed that on July 6, 2020, Appellant was sentenced to a term of 6 to 12 years for persons not to possess firearms at [Docket 287-2020].
>
> As noted above, the court imposed a sentence of **five to ten years**' imprisonment for the firearms offense in the present case. Initially, the court stated the sentence would run concurrently to the sentences for the other three pleas entered that day, as well as to [Docket 287-2020]. N.T., 7/8/20, at 13. Inexplicably, the court also stated: "I[f] our calculations are correct that **should total four and a half to eleven years** which was the plea bargain consecutive to 300 of 2020." ***Id.*** (emphasis added). However, the court then corrected itself and indicated the sentence *sub judice* would run "consecutive to 287 of 2020." ***Id.*** To further complicate matters, the sentencing order in the certified record states "this sentence shall run concurrent with the sentencing imposed at Nos. **287 of 2020**; 288 of 2020; 591 of 2020 and 575 of 2020." Order, 7/8/20 (emphasis added). Thus, despite the agreement that Appellant would serve an aggregate term of 4 1/2 to 11 years' imprisonment, it appears he was sentenced to an aggregate term of **5 to 11 years**' imprisonment. Nevertheless, Appellant has not raised any challenge to his sentence on appeal.

***Shaw***, 1321 WDA 2021 (unpub. memo. at 5 n.7) (emphasis in original).

On October 27, 2022, Appellant filed a *pro se* PCRA petition at Trial

Dockets 591-2020, 288-2020, and 575-2019, raising ineffective assistance of

counsel and legality of sentence claims based on the discrepancy pointed out by the prior panel.[14]   Attorney Natale was ultimately appointed to these dockets (in addition to Trial Docket 300-2020), and he filed an amended PCRA petition for each docket on December 19, 2022.   That same day, Attorney Natale filed a PCRA petition at Trial Docket 300-2020 that was a duplicate of the other three petitions.   In the petitions, he noted the discrepancy raised by this Court and stated:

> 15. The Superior Court stated that although the plea bargain was for a sentence of [4.5] months to [11] years' consecutive to the sentence at Case No. 287 of 2020, the [trial c]ourt's sentence at Case No. 300 of 2020 violated the terms of this plea bargain and results in an aggregate sentence of five . . . to [11] years['] incarceration.
>
> 16.  If the Superior Court is correct, then [Appellant]'s sentence as currently structured violates the plea bargain, and therefore constitutes an illegal sentence.

Appellant's Amended Post-Conviction Relief Act Petition, 12/19/22, at 3 (unpaginated).

The PCRA court scheduled a hearing which took place on January 13, 2023.  The court then issued an order and opinion on February 1, 2023, which addressed all four dockets and denied Appellant's PCRA petitions.  Appellant

_____

[14] One month earlier, at each docket, Appellant filed identical, *pro se* motions to modify his sentence.  The filings were accepted by the Fayette County Clerk of Courts but forwarded to his counsel and the Commonwealth.  **See** Pa.R.Crim.P. 576(A)(4).  In the motions, he raised the discrepancy identified by this Court in the prior decision.  **See** Motion to Modify Sentence, 9/30/22, at 2 (unpaginated).

filed four timely, separate notices of appeal and on May 24, 2023, this Court

consolidated the appeals.[15]  **See** Order, 5/24/23.[16]

## II.  Counsel's Petition to Withdraw

Before  we  may  conduct  any  substantive  analysis,  we  must  examine

whether Attorney Natale has met the procedural requirements for withdrawing

as counsel.

> Counsel  petitioning  to  withdraw  from  PCRA  representation . . .
> must review the case zealously.  [PCRA] counsel must then submit
> a "no-merit" letter to the trial court, or brief on appeal to this
> Court, detailing the nature and extent of counsel's diligent review
> of  the  case,  listing  the  issues  which  petitioner  wants  to  have
> reviewed, explaining why and how those issues lack merit, and
> requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no
> merit" letter/brief; (2) a copy of counsel's petition to withdraw;
> and (3) a statement advising petitioner of the right to proceed *pro
> se* or by new counsel.

---

[15] We note that when Appellant filed the notices of appeal, he listed all four dockets on each notice.  Separate notices of appeal are required when a single order  resolves  issues  arising  on  more  than  one  trial  court  docket. **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018), *overruled in part*, **Commonwealth  v.  Young**,  265  A.3d  462,  477  (Pa.  2021)  (reaffirming **Walker**, but holding Pa.R.A.P. 902 permits appellate court in its discretion, to allow  correction  of  the  error  where  appropriate); **see  also**  Pa.R.A.P.  902 (amended May 18, 2023).  Nevertheless, in **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*), this Court held that quashal is not necessary when an appellant files multiple notices of appeal listing more than one docket number so long as an appropriate number of notices of appeal were filed.  **Id.** at 1148.  Thus, under **Johnson**, Appellant has substantially complied with the requirements of **Walker**.  **See Johnson**, 236 A.3d at 1148.

[16] Appellant timely complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The PCRA court issued a Pa.R.A.P. 1925(a) opinion on May 9, 2023.

> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner/Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Instantly, we conclude that Attorney Natale has substantially complied with the technical requirements of **Turner/Finley**. Specifically, Attorney Natale's **Anders** brief and petition to withdraw detail the nature and extent of his review, address the issues raised at the PCRA hearing, and determine that the claim is frivolous and without merit. In his petition, counsel indicated that he reviewed all issues for appeal, researched the law and reviewed the facts to find any issue of merit, and concluded that Appellant is barred from relief. **See** Petition to Withdrawal [sic] as Counsel, 6/15/23, at 3-4 (unpaginated). In his letter to Appellant, Attorney Natale indicated he sent Appellant his petition to withdraw, as well as his **Anders** brief, and notified him that he had the right to retain private counsel or proceed *pro se*. **See** Letter from Attorney Natale to Appellant, 6/14/23, at 1 (unpaginated). Appellant has not filed a response to counsel's request to withdraw. As counsel has complied with the technical requirements to withdraw his representation pursuant to **Turner/Finley**, we must now conduct our independent review of the issues

raised by counsel and determine whether the issues lack merit. **See Walters**, 135 A.3d at 591.

### III. Statement of Questions Presented and Standard of Review

Attorney Natale raises the following issues:

1. Whether the trial court imposed a sentence that violates [Appellant]'s plea bargain?

2. Whether [Appellant]'s plea was knowing, voluntary, and intelligent, specifically whether [Appellant] was aware that the plea would increase the length of his aggregate sentence?

**Anders** Brief at 2.

Based on the nature of Appellant's claims, we are guided by the following. Our standard of review regarding the denial of PCRA relief calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. **See Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

### IV. Timeliness of PCRA Petitions

Before we can review the merits of Appellant's claims, we must *sua sponte* determine as an initial matter whether Appellant's PCRA petitions were timely, as a petition's timeliness implicates our jurisdiction. **See Commonwealth v. James**, 69 A.3d 180, 184 (Pa. 2013) (noting appellate court "may raise the issue of jurisdiction *sua sponte*") (citation omitted).

> The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition.  In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition.  The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final.  A judgment of sentence is final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citations, quotation marks, & emphasis omitted); *see also* 42 Pa.C.S. § 9545(b)(1), (3).

Here, Appellant was sentenced on July 8, 2020.  Therefore, his judgments of sentence became final on August 7, 2020 — 30 days after the trial court imposed the sentence and Appellant declined to file a direct appeal.  *See* 42 Pa.C.S. § 9545(b)(3).  Generally, Appellant then had one year from that date — August 10, 2021[17] — to file a PCRA petition.  *See* 42 Pa.C.S. § 9545(b)(1).

*A. Docket Nos. 260 WDA 2023, 262 WDA 2023, and 263 WDA 2023*

At Docket Nos. 260 WDA 2023 (Trial Docket 591-2020), 262 WDA 2023 (Trial Docket 288-2020), and 263 WDA 2023 (Trial Docket 575-2019), Appellant did not file the petitions at issue until October 27, 2022 — more

---

[17] The one-year time period following August 7, 2020, fell on a Saturday. Appellant therefore had until that Monday, August 10th, to file a PCRA petition. *See* 1 Pa.C.S. § 1908.

than a year later — and as such, they were facially untimely. We recognize this Court has jurisdiction to review a petition filed beyond the one-year time limit if the petitioner alleges and proves any one of the three statutory exceptions to the time-bar. *See* 42 Pa. C.S. § 9545(b)(1)(i)-(iii).

A review of Appellant's amended PCRA petitions reveal he did not invoke any of the three timeliness exceptions. Rather, Appellant alleged that his sentence "as currently structured violates the plea bargain, and therefore[,] constitutes an illegal sentence." Appellant's Amended Post Conviction Relief Act Petition, 12/19/22, at 3 (unpaginated). It is well-established that "a legality of sentencing issue must be raised in a timely filed PCRA [p]etition over which we have jurisdiction." *Commonwealth v. Olson*, 179 A.3d 1134, 1137 (Pa. Super. 2018) (citation omitted). *See also Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (stating that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). Because Appellant failed to plead and prove any of the three timeliness exceptions, we lack jurisdiction to address the merits of his claims on appeal at Docket Nos. 260 WDA 2023, 262 WDA 2023, and 263 WDA 2023. *See Ballance*, 203 A.3d at 1031. Therefore, we affirm the PCRA court's orders at these dockets,

dismissing Appellant's petition.[18]  We also grant Attorney Natale's petition to withdraw as counsel at these dockets.

*B. Docket No. 261 WDA 2023 (Trial Docket 300-2020)*

As noted above, at Trial Docket 300-2020, the PCRA court granted Appellant's request to file a direct appeal *nunc pro tunc*.  **See** Order of Court, 10/27/21.  It is "well[-]established that a PCRA petition brought after an appeal *nunc pro tunc* is considered [a defendant's] first PCRA petition, and the one-year time clock will not begin to run until this appeal *nunc pro tunc* renders his judgment of sentence final."  **Commonwealth v. O'Bidos**, 849 A.2d 243, 252 n.3 (Pa. Super. 2004) (citations omitted).

Therefore, because Appellant received *nunc pro tunc* relief, his judgment of sentence did not become final until January 23, 2023 — 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* with the United States Supreme Court expired.  **See** U.S. Sup. Ct. R. 13.  He generally had one year from that date to file a PCRA petition.  **See** 42 Pa.C.S. § 9545(b)(1).  Thus, Appellant satisfied the one-year time bar when he filed the instant petition on October 27, 2022.

---

[18] As will be discussed below, the PCRA court denied the petitions based on the merits.  Nevertheless, this Court may affirm on any basis.  **See Commonwealth v. Rowe**, 293 A.3d 733, 739 (Pa. Super. 2023) ("We can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm.") (citation omitted).

Accordingly, we have jurisdiction to review the substantive claims raised on appeal at this docket.

### V. Plea and Legality of Sentence

Attorney Natale first argues that Appellant's sentence is illegal because the trial court imposed a sentence that violated his plea bargain agreement. *See Anders* Brief at 9. Counsel states:

> In the present case, in [footnote] 7 of [this] Court['s Memorandum] at [Docket] 1312 WDA [2021], [we] stated that although the plea bargain was for a sentence of [4.5] to [11] years' consecutive to the sentence at Case No. 287 of 2020, the [trial c]ourt's sentence at Case No. 300 of 2020 violated the terms of th[e] plea bargain and result[ed] in an aggregate sentence of five . . . to [11] years['] incarceration.
>
> Upon subsequent review, although the [trial c]ourt's various statements during the [p]lea and [s]entenc[ing p]roceedings on July 8, 2020 were confusing, the text of the [July 8, 2020 sentencing o]rders for the cases at issue, when taken together, result in correct aggregate sentence of [4.5] to [11] years' consecutive to the sentence at [Docket 287-2020]. Since the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed, the [trial c]ourt made no reversible error, and therefore Appellant's claim is without merit.

*Id.* at 11-12.

In his second argument, Attorney Natale asserts that Appellant's "plea was not knowing, voluntary, and intelligent. . . . In particular, he claims that he was not aware that the plea would increase the length of his aggregate sentence." *Anders* Brief at 13. Moreover, he alleges:

> Appellant's claim that he was not aware that the plea would increase the length of his aggregate sentence, is directly

> contradicted by the testimony of [Plea Counsel] when he stated that he did explain to the Appellant that "this sentence was going to be served after the first one." In addition, during the Plea and Sentence Proceedings, Appellant specifically stated: "I understand. They're running consecutive though. I know." Based on [Plea Counsel]'s testimony and Appellant's own statements at the Plea and Sentence Proceedings, Appellant clearly understood that the plea would increase the length of his aggregate sentence prior to entering his plea of guilty on the record. Therefore, Appellant's claim is without merit.

*Id.* at 14-15 (record citations omitted).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from an enumerated error or defect, and that the issues he raises have not been previously litigated or waived. **See** 42 Pa.C.S. § 9543(a)(2), (3). "One of those circumstances is that the conviction or sentence resulted from '[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty.'" **Commonwealth v. Stark**, 658 A.2d 816, 819 (Pa. Super. 1995), *citing* 42 Pa.C.S. § 9543(a)(2)(iii). **See Commonwealth ex rel. Dadario v. Goldberg**, 773 A.2d 126, 129-30 (Pa. 2001) (holding all constitutionally cognizable claims may be reviewed under the PCRA, including those related to the plea bargaining process). Another enumerated situation is when the court imposes a sentence "greater than the lawful maximum." 42 Pa.C.S. § 9543(a)(2)(vii).

Here, the PCRA court found the following:

> After receiving [this] Court's opinion [regarding Docket 300-2020], the [PCRA c]ourt reviewed the signed orders and determined that the sentence was in accord with the plea bargain between the Commonwealth and [Appellant]. Th[is] Court's review of [our] statements when imposing the sentence appear to be the basis for their belief that there was a discrepancy. However, the text of the sentencing order, not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence impose[d]. As the sentencing orders are in compliance with the plea agreement, [Appellant]'s issue is denied.

PCRA Ct. Opinion and Order, 2/1/23, at 3 (unpaginated; citation omitted).

To the extent Appellant's argument touches upon the legality of his sentence, we conclude Attorney Natale was correct that his claim has no merit. There is no indication that the length of his sentence at Trial Docket 300-2020 was illegal. However, we disagree with counsel's assessment that there was no violation regarding the plea bargain agreement.

Our review of the matter has led us to consider that "a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance." **Commonwealth v. Kerns**, 220 A.3d 607, 611-12 (Pa. Super. 2019) (citations omitted). Even though a plea agreement concerns a criminal matter, they "clearly are contractual in nature." **Commonwealth v. Martinez**, 147 A.3d 517, 531 (Pa. 2016). "[U]nlike a typical contract, [however,] a plea agreement does not become binding on the parties upon their consent to terms; rather, a plea agreement is not valid and binding until it is evaluated and accepted by a third party, *i.e.*, a trial court." **Id.** (citation

omitted); ***see also*** Pa.R.Crim.P. 590(A)(3) (stating, the trial court "may refuse to accept a plea of guilty or *nolo contendere*, and shall not accept it unless the [trial court] determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered").

> Where the plea bargain calls for a specific sentence that is beyond the prosecutor's narrowly limited authority in sentencing matters, the plea bargain implicates the court's substantive sentencing power, as well as its guardianship role, and must have court approval. Thus, the trial court has broad discretion in approving or rejecting plea agreements. The court may reject the plea bargain if the court thinks it does not serve the interests of justice. If the court is dissatisfied with any of the terms of the plea bargain, it should not accept the plea; instead, it should give the parties the option of proceeding to trial before a jury. Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement.

***Commonwealth v. Root***, 179 A.3d 511, 517 (Pa. Super. 2018) (citation & emphases omitted). Lastly, "[i]n Pennsylvania, the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." ***Commonwealth v. Borrin***, 80 A.3d 1219, 1226 (Pa. 2013).

Both Attorney Natale and the PCRA court misconstrue the error that we pointed out in the prior decision. ***See Shaw***, 1321 WDA 2021 (unpub. memo. at 5 n.7). As mentioned above, the written **plea bargain agreement** provided that Appellant was to receiving a total sentence of "**4 1/2** - 11 years consecutive to sentence plus restitution[.]" Guilty Plea, 7/8/20 at 1

(unpaginated; emphasis added). At the July 8, 2020, plea and sentencing proceedings, the Commonwealth stated: "This is the time and place scheduled for [Appellant]'s **plea**. . . . It **calls for a term of four and a half** to [11] years consecutive to the sentence he just received [at Docket 287-2020.]" N.T., 7/8/20, at 2 (emphases added).

After accepting the plea, the court then imposed the following sentences: (1) at Trial Docket 288-2020, a term of 4 to 10 years' imprisonment; (2) at Docket 591-2020, a term of 6 to 12 months' incarceration to run consecutive to the sentence at Docket 288-2020; (3) at Trial Docket 575-2019, a sentence of 2 1/2 to 5 years' imprisonment, to be served concurrently to Trial Dockets 288-2020 and 591-2020; and (4) at Trial Docket 300-2020, **a term of 5** to 10 **years' incarceration**, to be served concurrently to other three dockets and consecutive to Trial Docket 287-2020. **See** N.T., 7/8/20, at 11-13. Notably, after mentioning that the sentence at Docket 300-2020 was "[n]ot less than **five** nor more than ten years[,]" the court then stated: "I[f] our calculations are correct that should total **four and a half** to eleven years which was the plea bargain consecutive to" Trial Docket 287-2020. **Id.** at 13 (emphasis added).

The PCRA court focused on the incorrect discrepancy — that at the sentencing proceeding, it mistakenly stated the sentences were to be imposed consecutively to Trial Docket 287-2020 rather than concurrently as reflected

in the written sentencing orders.[19]  The court pointed out those sentencing orders control as to the imposition of concurrent and consecutive sentences. *See Borrin*, 80 A.3d at 1226.  Attorney Natale's argument reflects this notion. *See Anders* Brief at 11-12.

While we did point out that error,[20] our primary concern is with the incongruity regarding the terms of the "bargained for" sentence.  The written plea agreement, and as explicitly mentioned by the Commonwealth at the July 8, 2020, proceeding, called for a minimum aggregate sentence of **4 1/2 years** but Appellant received a minimum of **5** years due to the inclusion of Trial Docket 300-2020 in the plea agreement, which increased the minimum of his aggregate sentence to **5** years.  *See* Guilty Plea, 7/8/20 at 1; N.T., 7/8/20, at 2, 13.  Based on the record before us, it appears the terms of the agreement were altered and Appellant did not receive the benefit of the bargain.

We recognize that "the trial court is not required to sentence a defendant in accordance with the plea agreement." *Commonwealth v. Tann*, 79 A.3d 1130, 1133 (Pa. Super. 2013).  "Such a sentence is legal, so long as it does not exceed the statutory maximum.  However, a criminal defendant who is

_____

[19] *See i.e.*, Sentence (Trial Docket 300-2020), 7/8/2020, at 1 (unpaginated) ("[T]his sentence shall run **concurrent** with the sentences imposed at Nos. 287 of 2020; 288 of 2020; 591 of 2020 and 575 of 2019[.]") (emphasis added).

[20] *See Shaw*, 1321 WDA 2021 (unpub. memo. at 5 n.7).

sentenced to more than was agreed upon in a negotiated plea may withdraw his guilty plea upon being deprived of the benefit of his bargain." *Id.* (citation omitted). Here, the trial court accepted a plea that included a 5-year minimum term that was not agreed upon, and did not provide Appellant with an opportunity to withdraw his plea. Under the applicable law, it appears that Appellant "was entitled either to receive the benefit of the bargain, including the agreed-upon sentence, or the option to withdraw his plea." *Root*, 179 A.3d at 518.

We find the question of whether there was a violation of the terms of Appellant's plea bargain agreement, which would fall outside the jurisdiction of the PCRA, is entitled to a more exhaustive examination and perhaps further advocacy. Nevertheless, we recognize that because Attorney Natale (and the PCRA court) misinterpreted our prior statements regarding the plea bargain agreement, the record may need to be developed further to assess this misconception, and upon further review, an advocate's brief may not be necessary.

Thus, we deny Attorney Natale's petition to withdraw at Docket 261 WDA 2023, and direct Attorney Natale either to file with this Court an advocate's brief analyzing the issue that we have identified during our independent review or a proper *Turner*/*Finley* brief addressing thoroughly why the claim identified herein has no merit. Attorney Natale has 45 days from the date of the filing of this memorandum to file the appropriate brief.

The Commonwealth has 45 days after the date of filing of counsel's brief to file an appellee's brief, if it so chooses.

## VI. Conclusion

At Docket Nos. 260 WDA 2023, 262 WDA 2023, and 263 WDA 2023, we grant Attorney Natale's petitions to withdraw, and affirm the orders dismissing Appellant's petitions. At Docket No. 261 WDA 2023, we deny Attorney Natale's motion to withdraw, and direct counsel to file an advocate's brief or new a *Turner/Finley* letter and motion to withdraw within 45 days of the date of this memorandum.

At Docket Nos. 260 WDA 2023, 262 WDA 2023, and 263 WDA 2023, February 1, 2023, orders affirmed and Attorney Natale's petitions to withdraw granted. Panel jurisdiction relinquished.

At Docket No. 261 WDA 2023, Attorney Natale's petition to withdraw denied. Panel jurisdiction retained.

President Judge Emeritus Bender joins the memorandum.

President Judge Emeritus Stevens concurs in result.